The People of the State of New York, Respondent, 
against
Jessica South, Appellant.




Russell A. Schindler, Esq., for appellant.
Rizzo & Kelley, Esqs. (James P. Kelly, Esq.), for respondent.

Appeal from an order of the Justice Court of the Town of Red Hook, Dutchess County (Jonah Triebwasser, J.; op 50 Misc 3d 986), dated February 1, 2016. The order, insofar as appealed from as limited by the brief, after a hearing and the granting of a petition to have appellant's two dogs, Gemma and Tank, declared dangerous dogs under Agriculture and Markets Law § 123, ordered that the two dogs be humanely euthanized.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
On the morning of December 30, 2015, Nancy Titus was jogging along a public highway in the Town of Red Hook when she was attacked by two Cane Corso dogs owned by Jessica South, named Tank and Gemma, each weighing in excess of 100 pounds. Titus testified at a dangerous dog hearing, pursuant to Agriculture and Markets Law § 123, that she had received over 100 stitches to close the wounds that the dogs had inflicted; that she was unable to walk without pain and a walker because the dogs had torn flesh and muscle from her legs; and that she could not feel her left leg due to nerve damage sustained by the bites to her leg. Certified medical records and photographs were admitted into evidence which described and depicted the gaping wounds to Titus's legs. As limited by her brief, South appeals from so much of an order of the Justice Court, following the hearing, as, upon declaring South's dogs to be dangerous, directed that they both be humanely euthanized. South contends that the People failed to prove that the attack by the two dogs caused a serious physical injury as defined in Agriculture and Markets Law § 108 (29).
Agriculture and Markets Law § 123 (3) (a) authorizes a court to order the humane euthanasia of a dangerous dog if the dog has "attacked a person causing serious physical injury." "Serious physical injury" is defined as, among other things, "serious or protracted disfigurement" (Agriculture and Markets Law § 108 [29]). Here, the record supports the Justice Court's finding that the dogs caused serious physical injury to the victim. Titus testified that she is "missing part of her leg" and that she had received over 100 stitches to close her wounds. Moreover, the photographs depicted the gaping wounds, and the certified medical records described the particular wounds to her legs. The foregoing evidence established that the dogs caused serious physical injury, in that Titus was seriously disfigured (see Agriculture and Markets Law § 108 [29]; Town of Southampton v Ciuzio, 19 Misc 3d 140[A], 2008 NY Slip Op 50911[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Under the circumstances, we find no basis to disturb the Justice Court's determination directing the euthanasia of Tank and Gemma.
Accordingly, the order, insofar as appealed from, is affirmed.
BRANDS, J.P., TOLBERT AND GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 03, 2017